UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHLEEN I. BOWEN,

    Plaintiff,

v.                                    Case No: 6:23-cv-1088-JSS-DCI

AARON BLAIS and DENNIS M.
LEMMA,

    Defendants.
_____/

## ORDER

Defendants move to dismiss Plaintiff's Second Amended Complaint (Complaint, Dkt. 41) pursuant to Federal Rule of Civil Procedure 12(b)(6). (Motion, Dkt, 42.) Plaintiff opposes the Motion. (Dkt. 46.) For the reasons set forth below, Defendants' Motion is granted in part and denied in part.

## BACKGROUND

Plaintiff brings this action against Aaron Blais, a Seminole County Sheriff's Deputy, and Dennis M. Lemma, the Sheriff of Seminole County, Florida. Plaintiff resided with her grandson and niece until Plaintiff asked her niece to relocate on April 1, 2019. (Dkt. 41 ¶ 14.) Plaintiff's grandson moved her niece's belongings out of the home, and Plaintiff's niece called the police. (*Id.* ¶ 15) Plaintiff alleges that upon arrival, Blais, and several officers from the Seminole County Sheriff's Office entered her home without legal authority. (*Id.* ¶¶ 16–17.) According to Plaintiff, law

enforcement officers entered her home, "pushed passed [her] and made physical contact with her to gain access to [her] grandson." (*Id.* ¶ 19.) Plaintiff alleges she used her phone to take videos and photos of the incident, but the officers forced her to turn over her phone, provide the passcode, and to sign a document consenting to the release of her phone. (*Id.* ¶ 22.)

Law enforcement officers arrested Plaintiff's grandson on April 1, 2019 and arrested Plaintiff on or about May 15, 2019. (*Id.* ¶ 24.) Plaintiff alleges that Blais "authorized the filing of charges against [Plaintiff]" but that the "State Attorney ultimately dropped the criminal case on or about June 10, 2021." (Dkt. 41 ¶¶ 24, 29.) Plaintiff alleges that Defendants had access to evidence including body camera video and the photos and videos from her phone "that unequivocally showed no inappropriate touching of Defendant Blais by Plaintiff." (*Id.*) Plaintiff further alleges that Lemma supervised various officers, including Blais, and had access to the evidence. (*Id.* ¶¶ 49, 51.)

Plaintiff filed its Complaint against Defendants asserting five counts including Count I for malicious prosecution against Blais, Count II for malicious prosecution against Lemma, Count III for negligent training and supervision against Lemma, Count IV for negligent hiring and retention against Lemma, and Count V a claim under 42 U.S.C. § 1983 against Lemma. Defendants now move to dismiss each of Plaintiff's claims.

## APPLICABLE STANDARDS

When ruling on a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must accept all well-plead factual allegations as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Lotierzo v. Woman's World Med. Ctr., Inc.*, 278 F.3d 1180, 1182 (11th Cir. 2002). To survive a motion to dismiss, a pleading must allege facts that reasonably demonstrate evidence exists to support the plaintiff's claims. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007). A litigant cannot solely put forth "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. "To avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290, 1296 (11th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678), *petition for cert. denied*, 139 S. Ct. 807 (Jan. 7, 2019). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

## ANALYSIS

### A. Counts I and II – Malicious Prosecution

In Count I and Count II, Plaintiff asserts claims for malicious prosecution against Blais and Lemma, respectively. To establish a prima facie case for malicious prosecution, Plaintiff must show "(1) an original criminal or civil judicial proceeding

against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." *Alamo Rent-A-Car, Inc. v. Mancusi*, 632 So. 2d 1352, 1355 (Fla. 1994).

Defendants argue that Plaintiff's Complaint fails to establish malice on the part of Defendants. (Dkt. 42 at 5–8.) In her Complaint, Plaintiff alleges that Defendants acted maliciously because Defendants wanted to put "pressure on Plaintiff's grandson to reach a plea agreement[.]" (Dkt 41 ¶¶ 42, 52.) Defendants argue that "[t]hese are speculative, conclusory allegations [that are] devoid of factual support [and] fail to meet the plausibility standard." (Dkt. 42 at 7.) However, "[w]hether the allegation is true cannot be determined on the motion to dismiss." *Ruben v. Cotton States Mut. Ins. Co.*, No. 5:16-cv-284-RH/GRJ, 2017 WL 628295, at *1 (N.D. Fla. Feb. 14, 2017). "[T]aking all the material allegations of the complaint as true while liberally construing the complaint in favor of the plaintiff," the court finds Plaintiff's allegations sufficient to plausibly allege that Defendants acted with malice in prosecuting Plaintiff and adequately states a claim for malicious prosecution. *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *see, e.g.*, *Hambley v. State, Dep't of Nat. Res.*, 459 So. 2d 408, 410 (Fla. 1st DCA 1984) (holding that the allegation that an officer

acted "willfully, illegally and maliciously" was sufficient to withstand a motion to dismiss on a malicious prosecution claim).

Lemma also argues that "any claim against [him] in his official capacity should be dismissed" as section 768.28(9)(a) of the Florida Statutes bars suit for malicious prosecution against him. (Dkt. 42 at 6.) Section 768.28(9)(a) establishes sovereign immunity for officers, employees, and agents of the state for acts or omissions done in the scope of their employment, "unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property[.]" *See* Fla. Stat. § 768.28(9)(a). Lemma argues that Plaintiff "seems to bring an official capacity claim against [him], under respondeat superior, under an individual capacity framework so as to bring suit against [Lemma] individually." (*Id.*) Lemma also argues that Plaintiff does not provide a basis "as to why [he] would be liable individually, nor are there any allegations that the Sheriff personally played a role in the prosecution of Plaintiff." (*Id.*)

Plaintiff argues that "sovereign immunity is not available as [Lemma] acted wrongfully and maliciously in an individual capacity[.]" (Dkt. 46 at 8.) Plaintiff also argues that she is permitted to plead inconsistent claims. (*Id.* at 9.) While "[a]n officer is entitled to immunity in his or her individual capacity for conduct taken within the scope of his or her employment . . . if the officer acted with bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety, or property, the action . . . may only be brought against the officer individually." *Anderson v. City of Groveland*, No. 5:15-cv-26-OC-30PRL, 2015 WL 6704516, at *6

(M.D. Fla. Nov. 2, 2015) (citing Fla. Stat. § 768.28(9)(a)) (internal quotations omitted). Considering the allegations in the Complaint, Plaintiff sufficiently pled that Lemma acted maliciously, intentionally, recklessly, in bad faith, with willful disregard, and provides additional facts, upon information and belief, that support her allegations. (Dkt. 41.) For example, Plaintiff alleges that Lemma "had ample evidence" by way of video that showed "that Plaintiff was not involved in any criminal activity" yet without probable cause Lemma arrested and caused Plaintiff to be prosecuted with "the malicious purpose of putting pressure on Plaintiff's grandson to reach a plea agreement[.]" (Dkt. 41 ¶¶ 50, 52.) Further, Plaintiff alleges that the charges against her were dismissed and that she suffered damages. (*Id.* ¶ 57.) Therefore, Lemma's motion to dismiss claims against him in his individual capacity is denied.

Additionally, Plaintiff's reference to respondent superior does not warrant dismissal as Plaintiff is permitted to assert inconsistent claims. Fed. R. Civ. P. 8(d)(2)–(3); *see Johnson v. State Dep't of Health & Rehab. Servs.*, 695 So. 2d 927, 931 (Fla. 2nd DCA 1997) ("While we think it a better practice to have separated the alternative allegations in separate counts, we do not find the manner in which the complaint is structured to be a proper basis for dismissal."). Although Plaintiff could have separated her alternative allegations into different counts, the failure to do so is not fatal. Accordingly, Defendants' Motion to dismiss Counts I and II is denied.

### B. Count III – Negligent Training and Supervision

In Count III, Plaintiff asserts a claim for negligent training and supervision against Lemma. (Dkt. 41 ¶¶58-62.) To establish a prima facie case for negligent

supervision, a plaintiff must show the basic elements of negligence: (1) duty, (2) breach, (3) causation, and (4) damages. *Collins v. Sch. Bd. of Broward Cnty.*, 471 So. 2d 560, 563 (Fla. 4th DCA 1985), *writ dismissed sub nom. Sch. Bd. of Broward Cnty. v. Dist. Ct. of Appeal, Fourth Dist.*, 491 So. 2d 280 (Fla. 1986). "To state a claim of negligent training, [p]laintiff must allege [d]efendant was negligent in the implementation or operation of the training program and the negligence caused his injury." *Anders v. Carnival Corp.*, No. 23-21367-CIV, 2023 WL 4252426, at *4 (S.D. Fla. June 29, 2023).

Here, Lemma argues that "[training] decisions are discretionary governmental functions immune from tort liability and therefore the claim should be dismissed." (Dkt. 42 at 8.) Plaintiff argues that determining whether a governmental function is discretionary should not be determined at the pleading stage. (Dkt. 46 at 10.) Plaintiff further argues that sovereign immunity is an affirmative defense that Lemma may raise in his answer. (*Id*. at 13.) The court agrees with Plaintiff. "More than one Florida court has explicitly held 'there is no sovereign immunity barrier to making a claim against a governmental agency for negligent retention or supervision.'" *Christie v. Lee Cnty. Sheriff's Off.*, No. 2:10-cv-420-FtM-36, 2011 WL 4389621, at *7 (M.D. Fla. Sept. 21, 2011) (citing *Dickinson v. Gonzalez,* 839 So. 2d 709, 713 (Fla. 3d DCA 2003)); *see also Willis v. Dade Cnty. School Bd.,* 411 So. 2d 245, 246 (Fla. 3d DCA 1982) (finding that the trial court erred in dismissing a claim for negligent hiring and retention on the grounds that the doctrine of sovereign immunity bars such action). Further, "[g]enerally, the existence of an affirmative defense will not support a motion to

dismiss." *Quiller v. Barclays Am./Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984), *on reh'g,* 764 F.2d 1400 (11th Cir. 1985); *see also Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1242 (M.D. Fla. 2019) ("affirmative defense[s] should ordinarily be asserted in a responsive pleading and considered after the facts are developed on summary judgment or at trial"). Lemma does not otherwise challenge whether Plaintiff's Complaint establishes a prima facie case for negligent training and supervision. Defendants' Motion to dismiss Count III is therefore denied.

### C. Count IV – Negligent Hiring and Retention

In Count IV, Plaintiff asserts a claim for negligent hiring and retention against Lemma. (Dkt. 41 ¶¶ 63–70.) Under Florida law, to state a claim for negligent hiring or retention, "a plaintiff must prove that (1) the agent/employee/contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiff's injury." *Reed v. Royal Caribbean Cruises Ltd.*, 618 F. Supp. 3d 1346, 1357 (S.D. Fla. 2022).

Here, with regard to the negligent hiring claim, Lemma argues that Plaintiff failed to "allege with specificity why Blais should have been disqualified from hiring." (Dkt. 42 at 10.) Further with respect to the negligent retention claim, Lemma argues that Plaintiff's allegations against Lemma are "speculative, conclusory allegations are devoid of factual support that fail to meet the plausibility standard." (*Id.* at 11.) However, "[a]sking for plausible grounds does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation

that discovery will reveal evidence[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Plaintiff "asserts that Defendant Lemma negligently Hired and/or Retained Blais despite his knowledge of complaints that were raised against [] Defendant Blais[]" and argues that at the pleading stage "the information that is needed to conduct an inquiry is in the possession of Defendant Lemma[.]" (Dkt. 46 at 13.) Upon consideration court finds that Plaintiff does more than recite the elements of the cause of action in a conclusory manner and pleads sufficient facts to support her allegations at this early stage in the litigation. *See Hammer v. Lee Mem'l Health Sys.*, No. 2:18-cv-347-FtM-29MRM, 2018 WL 5078909, at *3 (M.D. Fla. Oct. 18, 2018) (finding that plaintiff alleged sufficient facts to state a claim for negligent hiring); *S. Y. v. Naples Hotel Co.*, No. 2:20-cv-608-JES-MRM, 2021 WL 1390003, at *11 (M.D. Fla. Apr. 13, 2021) (finding that allegations were sufficient to support a negligent hiring and retention claim); *see also Hobirn, Inc. v. Aerotek, Inc.*, 787 F. Supp. 2d 1298, 1306 (S.D. Fla. 2011) (finding that plaintiff alleged sufficient facts that were plausible on its face); *cf. Pierre v. City of Miramar, Florida*, 537 F. App'x. 821, 825 (11th Cir. 2013) (affirming dismissal of claims for negligent hiring, retention, training, and supervision where plaintiff failed to plead facts). Defendants' Motion to dismiss Count IV is therefore denied.

### D. Count V – 42 U.S.C. § 1983 Claim

In Count V, Plaintiff asserts a claim for violation of 42 U.S.C. § 1983 against Lemma in his official capacity as Sheriff of Seminole County. (Dkt. 41 ¶¶ 71–77.) Plaintiff alleges that Lemma violated her civil rights by establishing "an unofficial custom or practice of the county to permit excessive force, unlawful entries and

malicious prosecutions." (*Id.* ¶¶ 72–73.) Plaintiff also asserts that "upon information and belief" Lemma "was aware of prior excessive force or entry complaints lodged against Defendant Blais[.]" (*Id.* ¶ 34.) Lemma argues that Count V should be dismissed because "Plaintiff has not adequately pled factual allegations of any prior incident to support a claim under *Monell*." (Dkt. 42 at 13.) Lemma further argues that "to the extent that the allegation against [Lemma] is a failure to discipline deputies for this single incident, this alone does not establish *Monell* liability." (*Id*. at 12.) The court agrees with Lemma.

"[T]o demonstrate a *Monell* claim, the plaintiff must show: (1) the violation of a federal right occurred; (2) the existence of a municipal policy or custom; and (3) a causal connection between the violation and the municipal policy or custom." *C.F.C. v. Miami-Dade Cnty.*, 349 F. Supp. 3d 1236, 1255 (S.D. Fla. 2018) (citations omitted); *see also Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). To establish liability based on custom "a plaintiff must establish a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law[.]" *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1481 (11th Cir. 1991) (internal quotations and citations omitted). "A single incident of a constitutional violation is insufficient to prove a policy or custom[.]" *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1311 (11th Cir. 2011).

In her Complaint, Plaintiff alleges that "upon information and belief" Lemma was aware of excessive force complaints against Blais "but took no or inadequate

action." (Dkt. 41 ¶ 34.)  However, Plaintiff's Complaint lacks factual allegations concerning other unlawful incidents involving Lemma and the existence of a policy or custom under 42 U.S.C. § 1983.  *See C.F.C.*, 349 F. Supp. 3d at 1255.  Plaintiff merely alleges there were complaints against Blais that Lemma knew about, but these types of "conclusory allegations . . . are not admitted as true in a motion to dismiss." *S. Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 409 n.10 (11th Cir. 1996) (citation omitted). Moreover, even if accepted as true, "random acts or isolated incidents are insufficient to establish a custom or policy." *Depew v. City of St. Marys, Ga.*, 787 F.2d 1496, 1499 (11th Cir. 1986) (citation omitted).  The court therefore finds that Plaintiff failed to plead sufficient facts to state a claim for violation of 42 U.S.C. § 1983.  *See Brooks v. Scheib,* 813 F.2d 1191 (11th Cir. 1987), (finding that "plaintiff failed to show that a City 'custom or policy' was 'the moving force' of the constitutional injury as required under section 1983."); *see also Casado v. Miami-Dade Cnty.*, 340 F. Supp. 3d 1320, 1327 (S.D. Fla. 2018) (dismissing the case without prejudice because plaintiff failed to allege facts to support a claim under *Monell*).  Defendants' Motion to dismiss Count V is therefore granted.

## CONCLUSION

Accordingly:

1. Defendants' Motion to Dismiss Second Amended Complaint (Dkt. 42) is **GRANTED in part** and **DENIED in part**.

2. Defendants' Motion is granted to the extent that Count V is dismissed without prejudice. Defendants' Motion is otherwise denied. Defendant shall respond to the Complaint within fourteen days in accordance with Federal Rule of Civil Procedure 12(a)(4)(A).

3. If warranted Plaintiff may seek leave to amend the Second Amended Complaint beyond the deadline set in the court's case management and scheduling order upon good cause shown. Fed. R. Civ. P. 15(a)(2).

**ORDERED** in Orlando, Florida, on May 28, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record